**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, *et al.*,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

*Defendants*.

Civil Action No. 26-02886 (AHA)

**Standing Order for Civil Cases**

This standing order applies to all civil cases assigned to Judge Amir H. Ali. All parties, whether proceeding with counsel or as unrepresented ("*pro se*") litigants, are expected to be familiar with and follow the Federal Rules of Civil Procedure and this Court's Local Civil Rules.[1] They must also follow this standing order to "secure the just, speedy, and inexpensive determination of" this action. Fed. R. Civ. P. 1. Failure to comply with this order may, when appropriate, result in sanctions.

## 1. Communications with the Court

**A. Form.** Except as authorized by this order, parties may not contact chambers by telephone. Parties are to communicate with the Court by written motion, opposition, reply, or notice, and not by letter. Chambers will not provide information on scheduling or the status of any pending motion or provide legal advice of any kind. If an extraordinary circumstance or emergency requires it, counsel can contact chambers jointly via telephone conference.

**B. Scheduling Inquiries.** The Court will issue orders to schedule hearings and will contact

[1] This Court's Local Rules are available at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules. Assistance for *pro se* litigants is available at https://www.dcd.uscourts.gov/pro-se-help.

parties if needed. Inquiries related to scheduling are disfavored. If counsel nevertheless needs to make a scheduling-related inquiry, they shall call the Courtroom Deputy, Andriea Hill (202-354-3049).

**2. Filing Guidelines**

**A. Courtesy Copies.** Counsel should not provide courtesy copies of filings to chambers or the Court. If the Court believes courtesy copies would be helpful, it will let the parties know.

**B. Amended Pleadings.** Any amended pleading shall be accompanied by a redline comparing it to the otherwise operative pleading.

**C. Cases with *Pro Se* Litigants.** In cases where a litigant proceeds *pro se*, electronic filing procedures generally apply only to parties who have counsel. Absent separate order of the Court, the party appearing *pro se* shall file documents in paper form with the Clerk's Office. Parties with counsel must serve documents upon *pro se* parties in paper form.

**3. Meet-and-Confer Report**

**A. Timing.** The parties must meet, confer, and file the joint report required by Local Civil Rule 16.3(d) **within thirty days** after **any** defendant has answered or, if no party has answered and dispositive motions have been filed under Federal Rule of Civil Procedure 12(b), **within fourteen days** after resolution of dispositive motions. Later-served or joined parties will be required to comply with the scheduling order entered based on the original joint meet-and-confer report, unless, upon motion, they seek modification of the scheduling order.

**B. Report Contents.** The joint meet-and-confer report in cases subject to Local Civil Rule 16.3(d) must address all matters listed in Federal Rule of Civil Procedure 26(f)(2) & (3) and Local Civil Rule 16.3(c). It must also include: (i) a brief statement describing the nature of the case and the statutory basis of the Court's jurisdiction for all causes of action and defenses; and (ii) a proposed scheduling order in accordance with Local Civil Rule 16.3(d).

**C. Administrative Procedure Act Cases.** In any action requiring review of an administrative

record, the parties shall comply with Local Civil Rule 7(n), including the deadline to file a certified list of the contents of the administrative record, absent an extension or relief from Local Civil Rule 7(n) granted by the court. Counsel for the parties shall jointly prepare and submit a report to the Court, **within fourteen days** after **any** defendant files an answer, proposing a schedule for any motions.

**D. FOIA Cases.** In cases arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the parties shall jointly submit a report to the Court **within fourteen days** after **any** defendant files an answer addressing the status of Plaintiff's FOIA request, including the anticipated number of documents responsive to the request and the anticipated date(s) for release of the requested documents.

**4. <u>Discovery Disputes</u>**

**A. In-Person or Virtual Meet & Confer.** Before bringing a discovery dispute to the Court's attention, the parties shall confer in person or by video to attempt to resolve the dispute.

**B. Teleconference.** If the parties are unable to resolve the dispute after their conference, they shall jointly send an email to the Court at Ali_Chambers@dcd.uscourts.gov requesting a telephone conference with the Court. The email must provide a clear and concise description of the issues in dispute and shall propose dates and times for a teleconference to resolve the issues.

**C. Leave Required.** Counsel shall not file any discovery-related motion without obtaining the Court's leave, after conducting the required in-person or video meeting with opposing counsel and making the joint request for a teleconference. Failure to comply with this requirement may result in any such motion being stricken.

**5. <u>Motions</u>**

**A. Duty to Confer on Nondispositive Motions.** The Court will summarily deny motions that are subject to Local Civil Rule 7(m) but do not contain the requisite statement.

**B. Table of Contents.** Every motion, opposition, or reply that is ten pages or longer must

have a Table of Contents.

**C. Motions for Summary Judgment.** This Court strictly enforces Local Civil Rule 7(h) when resolving motions for summary judgment and will "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h); *see also* Fed. R. Civ. P. 56(e).

**D. Motions to Seal.** Any party that files a motion to seal must also submit a redacted version of the document it proposes to seal, suitable for filing on the public docket. If a party believes that all portions of a document must remain sealed, the party must specifically notify the Court of that belief at the time of filing the motion to seal.

**E. Motions to Seal Relying on Protective Orders.** A party may not file a document under seal by relying solely on designation under a protective order. Even when a protective order has been entered, the Court has a responsibility to determine whether filings should be made available to the public by applying *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). A party moving to file under seal materials subject to a protective order must confer with the opposing party and state their position in the motion to seal, along with analysis of the relevant *Hubbard* factors.

**6. <u>Motions to Extend Time or Reschedule Hearings</u>**

**A. Motion Required.** An extension to file a document or continuances of a proceeding will be granted only upon motion, and not upon stipulation by the parties.

**B. Timing and Content.** A motion for extension or continuance must be filed **at least four days before** the current deadline and must include good cause to support the additional time being asked for. The motion shall state:

i. the original date that the motion is seeking to extend or have continued;
ii. the number of previous extensions of time or continuances granted to each party;
iii. the good cause supporting the motion;
iv. the effect, if any, that the granting of the motion will have on existing deadlines;
v. for motions, suggested deadlines (reached in consultation with the opposing party) for

the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and

vi. the opposing party's position on the motion, including any reasons given for refusing to consent, *see* LCvR 7(m).

**C. Untimely Motions.** Untimely motions for an extension or continuance must include an explanation for the failure to comply with the four-day rule.

**D. Opposition.** A party opposing a motion for extension or continuance who wants their reason for opposition to be considered must file their opposition by 5:00 PM of the business day after the motion is filed. If no explanation is provided to the Court by this time, the motion may be deemed conceded.

**7. <u>Alternative Dispute Resolution and Settlement</u>**

The Court expects the parties to evaluate the case for purposes of settlement. Toward that end, the parties may, by motion, request referral for mediation to a Magistrate Judge or the Court's mediation program. If the case settles, in whole or in part, Plaintiff's counsel must promptly file a notice with the Court.

Date: August 25, 2026

Amir H. Ali
United States District Judge