**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE; HARRIS COUNTY, TEXAS; CITY OF COLUMBUS, OHIO; and EL PASO COUNTY, TEXAS;

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as the Secretary of Homeland Security; FEDERAL EMERGENCY MANAGEMENT AGENCY; CAMERON HAMILTON, in his official capacity as the FEMA Administrator;

*Defendants*.

Case No. 1:26-cv-02886 (AHA)

**PLAINTIFFS' MOTION FOR EXPEDITED**
**SUMMARY JUDGMENT BRIEFING AND CONSIDERATION**

Plaintiffs respectfully move for an expedited schedule for briefing and consideration of their forthcoming motion for partial summary judgment, which Plaintiffs intend to file tomorrow, September 1. For the reasons explained below, Plaintiffs seek a decision on the motion by September 30 due to the time sensitive nature of this matter. To that end, Plaintiffs propose the following slightly expedited briefing schedule: Plaintiffs' motion for partial summary judgment due on September 1, 2026; Defendants' opposition due on September 11, 2026; Plaintiffs' reply due on September 16, 2026.

Good cause supports Plaintiffs' request. This case involves the Executive Branch's latest effort to unlawfully control election-administration policies across the nation, including for the upcoming November elections. Here, the Federal Emergency Management Agency (FEMA) is

withholding critical counter-terrorism funding from states, cities, and counties unless they adopt a series of election-administration policies prescribed by the Executive Branch.

The FEMA awards containing the conditions will be issued no later than September 30, meaning the challenged conditions will take effect no later than October 1, 2026. The November elections loom just one month later, and all indications are that FEMA will require counties, including Plaintiff counties, to comply with several of the conditions in time for the election. Implementing those conditions, such as post-election audits and reconciliations of ballots, within a matter of weeks would create enormous burdens for counties. Time therefore is of the essence, as election administration "is extraordinarily complicated and difficult" and "require[s] enormous advance preparations." *Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring).

To facilitate a prompt resolution of this matter, Plaintiffs intend to move for partial summary judgment, limited to their claims for which no administrative record is needed because the claims present pure questions of law. Plaintiffs also intend to limit their immediate request to vacatur of the conditions under the APA and seek later briefing on whether any additional relief such as a permanent injunction is warranted.[1]

Plaintiffs accordingly respectfully request that the Court establish the briefing schedule set forth above to enable the Court to resolve Plaintiffs' motion for partial summary judgment by September 30, 2026. Plaintiffs conferred with counsel for Defendants, who opposed Plaintiffs' proposed schedule and stated that the default briefing schedule under the local rules should apply.

[1] Plaintiffs intend to file an amended complaint on September 1 prior to moving for summary judgment. The amended complaint will add one to two additional plaintiffs but will not alter the claims presented in the initial complaint.

August 31, 2026

Respectfully submitted,

*/s/ Brian Rosen-Shaud*

Daniel F. Jacobson (DC Bar No. 1016621)
Lynn D. Eisenberg (DC Bar No. 1017511)
Brian C. Rosen-Shaud (DC Bar No. 90042065)
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave N.W., Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com

Benjamin L. Berwick (D.D.C. Bar No. MA0004)
Protect Democracy Project
15 Main Street, Suite 312
Watertown, MA 02472
Tel.: (202) 579-4582
ben.berwick@protectdemocracy.org

Cerin Lindgrensavage (DC Bar No. 1741602)
Jacek Pruski (DC Bar No. 888325144)
Protect Democracy Project
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Tel.: (202) 579-4582
cerin.lindgrensavage@protectdemocracy.org
jacek.pruski@protectdemocracy.org

Toby Merrill (D.D.C. Bar ID MA0006)+
Joshua Karsh (DC Bar No. 90035665)+
Sharanya (Sai) Mohan (CA Bar No. 350675)
Graham Provost (DC Bar No. 1780222)+
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
toby.merrill@publicrightsproject.org
joshua.karsh@publicrightsproject.org
sai.mohan@publicrightsproject.org
graham.provost@publicrightsproject.org

*Counsel for all Plaintiffs*

Eliza Sweren-Becker
Lauren Miller Karalunas
Derek Tisler
Brennan Center for Justice at NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
sweren-beckere@brennan.law.nyu.edu
millerl@brennan.law.nyu.edu
tislerd@brennan.law.nyu.edu

*Counsel for Harris County, City of Columbus, and Nashville*

The Metropolitan Government of Nashville and Davidson County

Tyler Chance Yarbro, #023553
Director of Law

John K. Whitaker, #039207*
Senior Counsel
Metropolitan Courthouse, Suite 108
Post Office Box 196300
Nashville, Tennessee 37219-6300

(615) 862-6341
john.whitaker@nashville.gov

*Counsel for Nashville*

Abbie Kamin
Harris County Attorney

Neal A. Sarkar (D.D.C. Bar ID TX0088)
First Assistant County Attorney
Daniel David Hu (TX Bar No. 10131415)*
Senior Counsel
Edward Swidriski (D.D.C. Bar ID TX0089)
Senior Assistant County Attorney
Office of the Harris County Attorney
1010 Lamar, 11th Floor
Houston, Texas 77002
(713) 274-5101
neal.sarkar@harriscountytx.gov
daniel.hu@harriscountytx.gov
edward.swidriski@harriscountytx.gov

*Counsel for Harris County*

Christina Sanchez*
El Paso County Attorney
TX Bar No. 24062984
Ch.sanchez@epcountytx.gov
Bernardo Rafael Cruz*
Assistant County Attorney
TX Bar No. 24109774
Office of the El Paso County Attorney
320 S. Campbell St., Suite 200
El Paso, TX 79901
Tel: 915-273-3247
b.cruz@epcountytx.gov

*Counsel for El Paso County*

* Application for admission pro hac vice forthcoming
\+ Admitted in listed states but not licensed to practice law in California.