**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, *et al.*<br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | No. 1:26-cv-02886-AHA |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE SUMMARY JUDGMENT BRIEFING AND CROSS-MOTION FOR ENTRY OF A DISPOSITIVE MOTION SCHEDULE**

Defendants oppose Plaintiffs' Motion to Expedite Summary Judgment Briefing, ECF No. 21, and respectfully move the Court to provide Defendants the default time provided under the Local Rules to respond to Plaintiffs' [forthcoming] motion for accelerated summary judgment. Plaintiffs filed this Complaint on August 17, 2026 and served Defendants the same day. Defendants' response to the Complaint is not due until October 17, 2026. Plaintiffs have indicated they plan to file imminently for summary judgment on September 1, 2026.

After filing their complaint, Plaintiffs indicated that they intended to imminently file a motion for summary judgment. As part of a meet and confer, Defendants proposed to oppose Plaintiffs' summary judgment motion in fourteen days, the Court-established ordinary time for oppositions in this District. Local Civil Rule 7(b). Plaintiffs declined, without providing an explanation for why such accelerated motion practice is justified when they elected not to file a motion for Rule 65 relief. This Court should reject Plaintiffs' overly aggressive approach and

enter a schedule that provides Defendants with the standard time to oppose a non-emergency motion, while also permitting sufficient time for a ruling ahead of the date on which the challenged grant conditions take effect. If Plaintiffs think they deserve relief on a shorter basis, they should seek relief under Rule 65.

The Plaintiffs, a collection of localities and advocacy groups, object to conditions in various grants issued by the Federal Emergency Management Administration ("FEMA"), which is within the Department of Homeland Security ("DHS"). Defendants should be granted the time they need to assign counsel, gather information, correspond and coordinate with their Agency clients, and respond fully and thoroughly to Plaintiffs' motion for summary judgment, including (potentially) via a cross-motion for summary judgment.

Courts have inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co*., 299 U.S. 248, 254 (1936). In the instant case, interests of efficiency and judicial economy make it appropriate for the Court to exercise its discretion in favor of a reasonable summary judgment schedule. As relevant here no request for emergency relief has been made and the current posture of the case, that is the filing of both a Complaint and dispositive motion in short order, necessitates more time to prepare Defendants' responses than Plaintiffs' proposed schedule allows. Moreover, since the filing of the Complaint on August 17, Plaintiffs have had at least 15 days to prepare their own summary judgment papers. It is only appropriate for Defendants to have a similar amount of time to prepare their own response and a potential cross-motion. In sum, the usual 14 days to respond to the motion is appropriate in this matter, just as it is in other non-emergency matters. The time is necessary to: (i) confer with Defendants named in the Complaint about the allegations

in the initiating pleading; (ii) review Plaintiffs' Motion for Summary Judgment and exhibits thereto; (iii) determine whether to file a cross-motion; and (iv) gather pertinent information and evidence.

This motion is not made for purposes of undue delay. To the contrary, it is made to ensure that the Court has before it appropriately-prepared materials that will enable the Court to determine how best to proceed in this matter. There is no good cause to depart in this matter from the ordinary schedule, and accordingly the Court should order that any summary judgment response and cross-motion is due fourteen days following the filing of the motion to which it responds, and other deadlines in this matter will likewise be determined as provided by the Local Civil Rules.

Dated: August 31, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Alexandra L. Yeatts*
ALEXANDRA L. YEATTS (CA Bar No. 358762)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Telephone: (202) 353-5677
Email: Alexandra.Yeatts@usdoj.gov

*Attorneys for Defendants*