**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, et al.;<br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.;<br>*Defendants*. | Case No. 1:26-cv-02886 (AHA) |

**DECLARATION OF TRAVIS COUNTY CLERK DYANA LIMON-MERCADO**

I, Travis County Clerk Dyana Limon-Mercado declare as follows:

## I. Background

I, Dyana Limon-Mercado, pursuant to 28 U.S.C. § 1746, declare that the following statements are true and correct to the best of my knowledge and belief:

1. I am a resident of the State of Texas. I am over the age of 18. I am familiar with the information in the statements set forth below either through personal knowledge, consultation with relevant staff, or from my review of relevant documents and information. If called as a witness, I could and would testify competently to the matters set forth below.

2. I am the elected County Clerk for Travis County, Texas. I was elected to this office in 2022 and took office in January of 2023. As the County Clerk, I am responsible for conducting and overseeing all the work of the Office of the County Clerk, which includes both election and non-election responsibilities.

3. The County Clerk's elections responsibilities include conducting all aspects of in-person and by mail Early Voting, as well as Election Day voting. These duties include issuing and

mailing ballots to qualified voters; locating, managing, and securing facilities for all polling places for both in-person Early Voting and Election Day voting; recruiting, coordinating, training, and managing thousands of poll workers to conduct in-person Early Voting and voting on Election Day; reporting elections results; ensuring all aspects of the voting process are compliant with all federal, state, and local laws; and more. The County Clerk's office does not handle voter registration responsibilities; rather, the Travis County Tax-Assessor Collector is responsible for those duties.

4. Serving as the County's primary official over elections is an enormous responsibility I take very seriously. My goal at all times is to provide safe, open, and fair elections for the residents of Travis County. In so doing, I coordinate with a large number of elected officials, including the Travis County Commissioners Court, the Travis County Sheriff, the Travis County Constables, the local municipalities and school districts, and the local political party representatives.

5. The County follows all applicable federal and state law to protect the security and accuracy of the election process.

6. The County utilizes ballot marking devices, which utilize barcodes on the ballot.

7. The County follows current audit and reconciliation processes that differ from the percentage requirements set by the FEMA guidance.

8. The County does not independently verify the citizenship status of poll workers.

9. Texas law does not require the County Clerk to verify the citizenship status of employees of voting system maintenance vendors, and we do not have the resources to do so.

10. I am aware that the FY 2026 HSGP Notice of Funding Opportunity and related FEMA guidance contain five new Election Conditions with which the County will need to comply to receive all of its HSGP funding.

11. These conditions include: (1) "Submit a transition plan: Submit a plan for transitioning from electronic voting systems that utilize bar codes or QR codes to count votes to equipment that accepts hand-marked paper ballots. The plan, for all jurisdictions currently using such systems, must include a timeline and, if necessary, a funding request to eliminate ballot marking devices and utilize hand marked paper ballots."; (2) "Post-election manual audit: Demonstrate proof of compliance with a post-election 5% manual audit, conducted according to the guidelines established by the Secretary, to ensure that electronic voting systems accurately count votes."; (3) "Voter/ballot reconciliation: Ensure that each election jurisdiction reconciles the number of voters who voted in each federal election to the number of ballots cast, using the methodology established by the Secretary."; (4) "Voter roll citizenship verification: Utilize the U.S. Citizenship and Immigration Services' Systematic Alien Verification for Entitlements (SAVE) system to verify the citizenship of all individuals in the state voter registration database within 120 days of accepting the grant award. To mitigate operational vulnerabilities exploitable by terrorist or foreign actors and advance HSGP counterterrorism objectives, the State's chief election official must take timely corrective action, consistent with applicable law, to remove verified non-U.S. citizens from the database." (and "To the extent that the functionality of the SAVE system has been impacted by the June 22, 2026 order in the League of Women Voters v. U.S. Department of Homeland Security, Civ. Action No. 25-3501, while on appeal, for any person who is registered to vote but for whom a State does not have records of citizenship, the State may resolve this uncertainty by submitting relevant information to USCIS for an immigration records search consistent with the requirements of 8 U.S.C. § 1373."); and (5) "Election worker citizenship

verification: Utilize the SAVE system, or another authorized government system, to verify U.S. citizenship for any person working at a polling place in any capacity, or operating any election system in the jurisdiction, including temporary agency workers and vendors who work on or with election systems. To prevent sabotage, infiltration, or foreign interference, the State's chief election official must ensure verified non-U.S. citizens are prohibited from operating election systems or working at polling places, consistent with applicable law, thereby hardening critical infrastructure under HSGP.". U.S. Dep't of Homeland Sec., *Notice of Funding Opportunity (NOFO): Fiscal Year 2026 Homeland Security Grant Program* at 15-16 (internal footnotes omitted); FEMA, Grant Programs Directorate Information Bulletin No. 580 (Aug. 10, 2026).

12. Travis County is committed to election security and integrity. The County Clerk's Office works closely with various partners to ensure election security and integrity with every election. This includes local law enforcement agencies, like the Travis County Sheriff's Office, the Travis County Commissioners Court, the Travis County Attorney's Office, Travis County District Attorney's Office, and Office of Emergency Services.

13. The County Clerk's Office utilizes many processes and procedures for maintaining election security, including the following:

a. **Access to Election Systems:** Only authorized election staff have access to the election management system. The system is stored in a secure, locked room with limited badge access.
b. **Bipartisan Transparency:** Travis County maintains a strong bipartisan relationship with local political parties and considers their feedback as part of our continuing efforts to increase transparency in the election process.
c. **Voting Equipment Verification:** Before each election, each type of voting equipment is inspected to confirm it is running the authorized software. This includes comparing the current cryptographic hash of the installed voting-system software with the corresponding reference hash obtained from a trusted source.
d. **Logic & Accuracy Testing:** During Logic & Accuracy testing, every ballot style is tested, including test ballots representing every candidate and voting option, to verify that votes are correctly interpreted and tabulated.

e. **Tamper-Evident Security:** Ballots and election equipment are secured with security seals while in storage.
f. **Central Count Security:** The Central Count operation is overseen by local law enforcement. All personnel are required to wear the appropriate identification badge while in the facility.
g. **Chain of Custody:** Documentation of chain of custody ensures ballots and election equipment are maintained at the Clerk's office, polling locations, with the Early Voting Ballot Board, and Central Counting Station.
h. **Post-Election Audits:** A Post-Election Hand Count Audit is conducted after every election. A Risk-Limiting Audit is now planned to be conducted after every even-year November election.

14. The County does not solely utilize hand-marked paper ballots. The County currently uses an Election Systems & Software ("ES&S") voting system. Voters make their selections on ballot marking devices which produce a voter-verifiable paper vote record reflecting the choices. In addition to a text version of the voter's choices, the choices are also encoded on barcodes on the paper vote record. After the voter visually inspects the paper vote record, they deposit the vote into an ES&S scanner for tabulation. Utilizing these ballot-marking devices provides for fewer overvotes, makes it easier to provide different ballot styles, and is more accessible to voters of different abilities.

15. The original contract for the ES&S Ballot Marking Devices was approved in August 2018. ES&S publicly states that their equipment life span is typically "a minimum of 10 years and often [lasts] for 15 to 20 years." Travis County is eight years into the contract with ES&S and the Clerk's office does not currently have any plans to purchase new equipment in the next budget cycle.

16. Transitioning Travis County to hand-marked paper ballots, which is the end goal of the transition plan required by the NOFO, would cost millions of dollars and require the acquisition of additional equipment, increased election staffing, and significant changes to existing election procedures and training. Creating a plan to transition to such a system would impose

significant costs on the County, requiring the County to divert significant amounts of money and the valuable time and efforts of county personnel and on a timetable where County budgets are already being presented in their final formats and leaves little time prior to this election cycle to obtain equipment through the state law procurement process, purchase, install and train the workers on entirely new procedures just a couple of months away from the early voting period.

17. The burdens and harms that the County would incur from complying with the hand-marked paper ballot requirement include: retiring existing ballot marking devices and scanners; acquiring vote center-based optical printers and scanners configured to read ovals/bubbles; acquiring ballot on-demand printers to accommodate different ballot styles; incurring additional ballot printing costs; hiring and training additional election workers; redesigning ballots for hand-marking (and complying with language requirements); obtaining requisite testing and certification of new machinery; taking additional time to count ballots (including bipartisan review boards for manual determination if a scanner cannot read a hand-marked ballot); piloting the new system before rollout; renegotiating agreements with the local political parties and other jurisdictions that are already finalized, and initiate significant public education about the system—all extremely close to the start of early voting.

18. Even obtaining and providing the inputs for developing the transition plan would impose significant costs on the County, requiring the county to divert significant amounts of money and the valuable time and efforts of county personnel to collect and compile the necessary information. Assisting the state in collecting the information required for the transition plan would require the County to expend significant hours and resources to gather the necessary data and cost estimates to provide to the state.

19. The County's post-election audit practices would also need to change under the NOFO's requirement of a manual audit of paper ballots in at least 5% of the precincts in our jurisdiction and of at least 5% of all centrally tabulated batches in our jurisdiction. Currently, Post-Election Hand Count Audits are mandated by Texas State law under Section 127.201 of the Election Code. All counties and local political subdivisions that tabulate voting system ballots electronically are required to conduct the Post-Election Hand Count Audit. For the general election for state and county officers, the primary election and primary runoff election, or election on a proposed amendment to the constitution or other statewide measure submitted by the Legislature, the Secretary of State must designate not more than three offices or not more than three propositions to be counted in the selected three Early Voting and three Election Day polling locations and at least three precincts for Voting by Mail. The Post-Election Hand Count Audit includes all applicable paper voting system ballots that were counted through an optical or digital scanner and reported as part of a county or local political subdivision's unofficial results on election night. This includes a manual review and hand marked tally of paper ballots verifying the accuracy of electronic voting systems.

20. Implementing the 5% manual audit required by the NOFO would expand the scope of the County's existing post-election audit obligations and would require additional personnel, time, and other resources, potentially interfering with the County's ability to fulfill its audit obligations under state law.

21. The NOFO's reconciliation requirement would similarly require the addition of significant resources to identify and understand the cause of any discrepancies. There are several valid and routine reasons why the number of ballots used may differ from the number of voters, such as spoiled or damaged ballots. The County Clerk's office would need to hire additional

personnel dedicated to doing this each day during voting. Further, the County already complies with reconciliation requirements imposed by Texas law. *See* Texas Election Code § 127.131.

22. With respect to the NOFO's "voter roll citizenship verification" requirements, the County Clerk's Office is not involved in the voter roll or voter registration process. The Travis County Tax Assessor-Collector and Voter Registrar's Office is responsible for the voter rolls in Travis County. The County Clerk's Office does not access the SAVE system to verify the citizenship of registered voters, nor does it submit information to USCIS for an immigration records search.

23. Concerning the NOFO's "election worker citizenship verification" requirements, the County Clerk does not access the SAVE system to verify the citizenship of election workers. The Texas Election Code requires that all election workers be registered voters.

24. The County does not utilize the SAVE system to verify the citizenship of employees of vendors who work on election systems, as would be required by the NOFO. Texas law does not require election officials to verify the citizenship status of vendors' employees, and the County Clerk's Office does not have the means or resources to do so. Requiring election officials to verify the citizenship status of vendors' employees would require funding and additional personnel to manage that process of screening potentially hundreds of vendors' employees.

25. Verifying the citizenship of "any person who works at a polling place; or who operates any election system in the jurisdiction, including temporary agency workers and vendors who work on or with election systems," August 10 Guidance at 5–6, would impose burdens on the County. There is no existing process for running poll workers through the SAVE system. Poll workers are already required to be registered voters under state law. Further, this guidance would require the County to incur significant costs in order to create and implement an entirely new

system of ensuring that third-party vendors employ only U.S. citizens, not just individuals who are authorized to work in the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2026

Signed by:
Dyana Limon-Mercado
8BF868B741F14DA...

Dyana Limon-
Mercado Travis
County Clerk Travis
County. Texas