**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, *et al.*<br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | No. 1:26-cv-02886-AHA |

# JOINT NOTICE TO THE COURT

## DEFENDANTS' STATEMENT

During the September 2, 2026 virtual Scheduling Conference, Judge Ali asked Defendants to provide the Court with written responses to two questions following a meet and confer with Plaintiffs. On September 4, 2026, the parties met via video conference and discussed Defendants' responses as outlined below. Defendants now submit their responses to the Court.

**Question 1:** Is it the case that when a state accepts a conditioned HSGP award the Plaintiff jurisdictions therein are bound by the Election Security Conditions they're challenging?

> A Plaintiff jurisdiction agrees to be bound by the Election Security Conditions once: (1) the state in which the Plaintiff jurisdiction is located accepts its HSGP award (up to 60 days from the date the award is issued by FEMA); (2) the state executes a subaward agreement passing funding to the local jurisdiction (this must be done within 45 days of the state accepting its award and receiving the funds); and (3) the local jurisdiction accepts the subaward.

**Question 2:** Is it necessarily the case that implementation of the Election Security Conditions will impact the November 2026 election?

The timing and effect of the Election Security Conditions depend on the award and subaward process and on each state's implementation decisions. Under the relevant guidance, the states have 60 days to accept their award. States are then required to issue subawards to local jurisdictions within 45 days of the state accepting its award and receiving the funds.

**PLAINTIFFS' STATEMENT**

As Plaintiffs explained at the September 2 Scheduling Conference, an expedited decision is necessary because Plaintiffs expect that, as soon as their respective states accept the HSGP awards that will be issued no later than September 30, the states will require Plaintiffs to implement the new Election Administration Conditions, including in the November 2026 elections. Indeed, the states will have no choice but to require such compliance if they wish to obtain a full HSGP award, because 20% of a state's HSGP awards will be withheld until the state certifies that all counties have complied with the Election Administration Conditions that require county-level action.

<u>The Problems with Defendants' Response to Question 1:</u>

Defendants' response to Question 1 does not dispel this need for expedited adjudication. Instead, Defendants offer a circular answer that fails to provide the information the Court was seeking. They assert: "A Plaintiff jurisdiction *agrees to be bound* by the Election Security Conditions once . . . the local jurisdiction accepts the subaward" for HSGP funds (to the extent the local jurisdiction receives HSGP funds). The key question is not when a county affirmatively "agrees" to be bound by the conditions (if ever), but rather whether and when counties will be required by their states to implement the Election Administration Conditions. The structure of

the conditions is such that, in order for states to comply with them, counties that administer elections will necessarily have to take actions to implement them, regardless of whether they receive or accept HSGP funding. Consider, for example, that some counties in Texas and Tennessee do *not* receive HSGP funds. That necessarily means that acceptance or non-acceptance of a subaward will not be determinative of whether counties will have to implement the conditions. Every relevant state will need its counties to comply, however that compliance is brought about by the state, for the state to certify compliance with the conditions and lift the 20% holdback. Plaintiffs raised this reality to Defendants during the parties' meet and confer, and Defendants did not deny it then and do not deny it now.

The Problems with Defendants' Response to Question 2

Defendants' answer to Question 2 makes clear that Defendants will enforce the Election Administration Conditions as soon as states like Texas and Tennessee accept their awards, including if that acceptance happens prior to the November elections.

Accordingly, the Court should not depart from the summary judgment briefing schedule and timeline discussed during the Scheduling Conference and adopted by the Court; a ruling from the Court as soon as possible is critical for Plaintiffs to obtain clarity and not be subject to the onerous and unlawful Election Administration Conditions for the fast-approaching November election.

Dated: September 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Alexandra L. Yeatts*
ALEXANDRA L. YEATTS (CA Bar No. 358762)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Telephone: (202) 353-5677
Email: Alexandra.Yeatts@usdoj.gov

*Attorneys for Defendants*

*/s/ Daniel F. Jacobson*

Daniel F. Jacobson (DC Bar No. 1016621)
Lynn D. Eisenberg (DC Bar No. 1017511)
Brian C. Rosen-Shaud (DC Bar No. 90042065)
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave N.W., Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com

Benjamin L. Berwick (D.D.C. Bar No. MA0004)
Protect Democracy Project
15 Main Street, Suite 312
Watertown, MA 02472
Tel.: (202) 579-4582
ben.berwick@protectdemocracy.org

Cerin Lindgrensavage (DC Bar No. 1741602)
Jacek Pruski (DC Bar No. 888325144)

Protect Democracy Project
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Tel.: (202) 579-4582
cerin.lindgrensavage@protectdemocracy.org
jacek.pruski@protectdemocracy.org

Toby Merrill (D.D.C. Bar ID MA0006)+
Joshua Karsh (DC Bar No. 90035665)+*
Sharanya (Sai) Mohan (CA Bar No. 350675)*
Graham Provost (DC Bar No. 1780222)+
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
toby.merrill@publicrightsproject.org
joshua.karsh@publicrightsproject.org
sai.mohan@publicrightsproject.org
graham.provost@publicrightsproject.org

*Counsel for Nashville, Harris County, City of Columbus, El Paso County, and Travis County*

Eliza Sweren-Becker*
Lauren Miller Karalunas*
Derek Tisler*
Brennan Center for Justice at NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
sweren-beckere@brennan.law.nyu.edu
millerl@brennan.law.nyu.edu
tislerd@brennan.law.nyu.edu

*Counsel for Harris County, City of Columbus, and Nashville*

The Metropolitan Government of Nashville and Davidson County

Tyler Chance Yarbro, #023553
Director of Law

John K. Whitaker, #039207*
Senior Counsel
Metropolitan Courthouse, Suite 108

Post Office Box 196300
Nashville, Tennessee 37219-6300
(615) 862-6341
john.whitaker@nashville.gov

*Counsel for Nashville*

Abbie Kamin
Harris County Attorney

Neal A. Sarkar (D.D.C. Bar ID TX0088)
First Assistant County Attorney
Daniel David Hu (TX Bar No. 10131415)*
Senior Counsel
Edward Swidriski (D.D.C. Bar ID TX0089)
Senior Assistant County Attorney
Office of the Harris County Attorney
1010 Lamar, 11th Floor
Houston, Texas 77002
(713) 274-5101
neal.sarkar@harriscountytx.gov
daniel.hu@harriscountytx.gov
edward.swidriski@harriscountytx.gov

*Counsel for Harris County*

Christina Sanchez*
El Paso County Attorney
TX Bar No. 24062984
Ch.sanchez@epcountytx.gov
Bernardo Rafael Cruz*
Assistant County Attorney
TX Bar No. 24109774
Office of the El Paso County Attorney
320 S. Campbell St., Suite 200
El Paso, TX 79901
Tel: 915-273-3247
b.cruz@epcountytx.gov

*Counsel for El Paso County*

DELIA GARZA
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513

Facsimile: (512) 854-4808
By: *<u>/s/ Todd A. Clark*</u>*
TODD A. CLARK
State Bar No. 04298850
todd.clark@traviscountytx.gov

*Counsel for Travis County*

JOHN CREUZOT
DALLAS COUNTY CRIMINAL
DISTRICT ATTORNEY
/s/ Barbara S. Nicholas*
Assistant District Attorney
Texas State Bar No. 24032785
barbara.nicholas@dallascounty.org
*<u>/s/ Jason G. Schuette*</u>*
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallas.county.org
Civil Division
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, Texas 75202
Telephone: 214.653.7358
Telecopier: 214.653.6149

*Counsel for Dallas County*

* Application for admission pro hac vice forthcoming
\+ Admitted in listed states but not licensed to practice law in California.