**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, *et al.*;<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*;<br><br>Defendants. | No. 1:26-cv-02886-AHA |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h), Plaintiffs respectfully submit the following response to Defendants' statement of material facts that are not in genuine dispute, ECF No. 36-3.

1. Following the September 11, 2001 terrorist attacks, Congress established the Department of Homeland Security ("DHS") to reduce America's vulnerability to terrorist attacks and other catastrophic events, and to help communities recover from the same. Homeland Security Act of 2002, Pub. L. No. 107-296 tit. I, § 101(b), 116 Stat. 2135, 2142 (2002).

   **Response: Undisputed**

2. The Homeland Security Grant Program ("HSGP") is "part of a comprehensive set of measures authorized by Congress and implemented by [DHS/the Federal Emergency Management Agency ("FEMA")]" to assist state, local, tribal and territorial emergency management agencies to implement the National Preparedness System and the National

Preparedness Goal ("NPG") of a "secure and resilient nation." Ex. 1, FY 2026 HSGP NOFO at 9-11.

**Response: Undisputed**

3. HSGP includes three key grant subprograms: the State Homeland Security Grant Program ("SHSP"), the Urban Area Security Initiative ("UASI"), and Operation Stonegarden ("OPSG"). Ex. 1, FY 2026 HSGP NOFO at 4, 9-10.

**Response: Undisputed**

4. When FEMA offers a state an HSGP award and the state accepts, awarded funds are provided to the State Administrative Agency ("SAA"), which then manages and distributes "pass-through funds" to its "subrecipient" jurisdictions, like Plaintiffs, via subawards. Ex. 1, FY 2026 HSGP NOFO at 5.

**Response: Undisputed**

5. A state must pass at least 80% of its awarded SHSP funds to local and tribal governments within 45 days of the state accepting its award and receiving the funds. 6 U.S.C. § 605(c)(1).

**Response: Undisputed**

6. If FEMA approves a UASI application, FEMA shall distribute grant funds to the state and, not later than 45 days after the date that a state receives UASI funds, the state shall provide the high-risk urban area awarded that grant not less than 80% of the grant (with any withheld funds spent by the state on items/services/activities that benefit that high-risk urban area). 6 U.S.C. § 604 (d)(1)-(2).

**Response: Undisputed**

7. Under OPSG, FEMA distributes grant funding to states, who then make subgrants to "county-level or equivalent governments and federally recognized tribal governments in states bordering Canada or Mexico," or "with international water borders," and who "have active U.S. Border Patrol operations coordinated with" U.S. Customs and Border Protection. Ex. 1, FY26 HSGP NOFO at 5.

   **Response: Undisputed**

8. Through SHSP and UASI, "HSGP supports the development and sustainment of core capabilities essential to achieving the [NPG]: 'A secure and resilient nation.'" Ex. 1, FY26 HSGP NOFO at 11. To ensure strategic focus on that goal, DHS has identified five National Priority Areas ("NPAs") that reflect the evolving risk landscape and national policy objectives. *Id*.

   **Response: Undisputed** that, through SHSP and UASI, "HSGP supports the development and sustainment of core capabilities essential to achieving the [NPG]: 'A secure and resilient nation.'" Ex. 1, FY26 HSGP NOFO at 11. That the FY2026 NPAs "reflect the evolving risk landscape" is an argument to which no response is required.

9. The required NPAs for FY 2026 SHSP and UASI funds are: (1) enhancing the protection of soft targets and crowded places, including faith-based organizations and election sites; (2) supporting Homeland Security Task Forces and fusion centers; (3) enhancing and integrating cybersecurity resiliency; (4) enhancing election security; and (5) supporting border crisis response and enforcement. Ex. 1, FY26 HSGP NOFO at 11. Recipients must allocate at least 30% of their SHSP and UASI funds to the five NPAs. *Id*.

   **Response: Undisputed**

10. Of the 30%, a minimum of 3% of a jurisdiction's total SHSP and UASI funds must be spent on enhancing election security, and a minimum of 10% of a jurisdiction's total SHSP and UASI funds must be spent on supporting border crisis response and enforcement. Ex. 1, FY26 HSGP NOFO at 11.

    **Response: Undisputed**

11. On January 6, 2017, Secretary of Homeland Security Jeh Johnson designated U.S. election systems as part of the Nation's critical infrastructure, including "storage facilities, polling places, and centralized vote tabulations locations used to support the election process, and information and communications technology to include voter registration databases, voting machines, and other systems to manage the election process and report and display results on behalf of state and local governments." *Statement by Secretary Jeh Johnson on the Designation of Election Infrastructure as a Critical Infrastructure Subsector*, January 6, 2017 https://www.dhs.gov/archive/news/2017/01/06/statement-secretary-johnson-designation-election-infrastructure-critical. "This designation recognizes that the United States' election infrastructure is of such vital importance to the American way of life that its incapacitation or destruction would have a devastating effect on the country." Ex. 1, FY26 HSGP NOFO at 11.

    **Response: Undisputed**

12. The Cybersecurity and Infrastructure Security Agency ("CISA") issued an Election Report on July 13, 2026 outlining threats to state, local, tribal, and territorial election systems, and recommending certain steps be taken in response to identified system vulnerabilities. Ex. 5, CISA 2026 Election Report.

**Response: Undisputed**

13. FEMA has designated election security as a stand-alone NPA since fiscal year 2022, *see* Fiscal Year 2022 Homeland Security Grant Program Notice of Funding Opportunity, https://www.fema.gov/grants/preparedness/homeland-security/fy-22-nofo; and has required HSGP recipients to devote at least 3% of awarded UASI and SHSP funds to this priority since fiscal year 2023, *see, e.g.*, Fiscal Year 2023 Homeland Security Grant Program Notice of Funding Opportunity at 47, https://www.fema.gov/grants/preparedness/homeland-security/fy-23-nofo; Fiscal Year 2024 Homeland Security Grant Program Notice of Funding Opportunity at 27–28, 33, https://www.fema.gov/grants/preparedness/homeland-security/fy-24-nofo.

**Response: Undisputed**

14. On June 24, 2026, FEMA issued the Fiscal Year 2026 HSGP Notice of Funding Opportunity ("FY26 HSGP NOFO"), setting forth conditions for FY2026 HSGP awards, including the Election Security Conditions.

**Response: Undisputed** that FEMA issued the NOFO on June 24, 2026. FEMA amended the NOFO on July 9, 2026. *See* Fed. Emergency Mgmt. Agency, Fiscal Year 2026 Homeland Security Grant Program (HSGP), Simpler.Grants.gov (June 24, 2026), https://simpler.grants.gov/opportunity/2d6d8098-795d-4ba6-a92f-1171a66ed66d.

15. The FY26 NOFO outlines that, because securing election infrastructure, ensuring its continued operation in the face of threats and harassment, advancing the safety of election officials, and protecting against foreign interference are national security priorities, each state and high-risk urban area must dedicate at least 3% of its SHSP and

UASI award to eligible election security investments that support physical and/or cyber election security. Ex. 1, FY26 HSGP NOFO at 15.

**Response: Undisputed** to the extent that it purports to restate the view of DHS as stated in the FY26 NOFO. Through the FY26 NOFO, FEMA announced that it would withhold 20% of recipients' total awards unless and until they submit proof of their compliance with the five Election Administration Conditions, and "such proof is verified/confirmed by the Department." FY26 HSGP NOFO at 8. That holdback is in addition to and does not offset, the separate 3% minimum-spent requirement on "investment[s] that support[] physical and/or cyber election security." *Id.* at 15.

16. On August 10, 2026, FEMA issued Grants Programs Directorate Information Bulletin No. 580 ("Aug. 10 FY26 Election Security Guidance") to provide additional clarity as to the Election Security Requirements in the FY26 HSGP NOFO.

    **Response: Undisputed** that FEMA issued Grants Program Directorate Information Bulletin No. 580 on August 10, 2026 addressing the Election Security Requirements.

17. To strengthen the integrity of U.S. elections, each state must submit evidence of compliance with the following five election security requirements: (1) submit a plan for transitioning from electronic voting systems that utilize barcodes or QR codes to count votes to equipment that accepts hand-marked paper ballots; (2) conduct a post-election 5% manual audit of paper ballots and compare it to electronic voting system results to ensure that electronic voting systems accurately count votes; (3) confirm that the number of voters who voted in each federal election matches the number of ballots cast, using the methodology established by the Secretary; (4) utilize the U.S. Citizenship and Immigration Services' ("USCIS") Systematic Alien Verification for Entitlements

("SAVE") system or another authorized government system to verify the citizenship of all individuals in the state voter registration database within 120 days of accepting the grant award—the state's chief election official must take timely corrective action, consistent with applicable law, to remove verified non-U.S. citizens from the database; (5) utilize the SAVE system or another authorized government system to verify U.S. citizenship of any person working at a polling place in any capacity, or operating any election system in the jurisdiction. Ex. 2, August 10 FY26 Election Security Guidance at 1-6.

**Response: Disputed** that the conditions are meant "[t]o strengthen the integrity of U.S. elections." This is a statement of opinion and Defendants have provided no evidence to support their assertion. Undisputed that FEMA is requiring each state to comply with these five conditions.

18. To the extent that the functionality of the SAVE system has been impacted by the June 22, 2026 order in the *League of Women Voters v. U.S. Dep't of Homeland Sec.*, No. 25-3501, 2026 WL 1784297, at *1 (D.D.C. June 22, 2026) while on appeal, for any person who is registered to vote but for whom a state does not have records of citizenship, the state may resolve this uncertainty by submitting relevant information to USCIS for an immigration records search consistent with the requirements of 8 U.S.C. § 1373. Ex. 2, August 10 FY26 Election Security Guidance at 2 n.1.

**Response: Undisputed** to the extent it purports to restate guidance contained within the August 10 FY26 Election Security Guidance.

19. FEMA will withhold from drawdown an amount equal to 20% of a recipient state's total HSGP award (including awards under SHSP, UASI, and OPSG) until the state

submits proof of compliance with the FY26 Election Security Requirements and DHS verifies that proof. Ex. 2, August 10 FY26 Election Security Guidance at 2. Upon verification of compliance, FEMA will notify the state and release the withheld funding for drawdown in accordance with applicable grant administration requirements. *Id.*

**Response: Undisputed** that FEMA has stated that it will withhold from drawdown an amount equal to 20% of a recipient state's total HSGP award (including awards under SHSP, UASI, and OPSG) until the state submits proof of compliance with the FY26 Election Security Requirements and DHS verifies that proof.

Dated: September 17, 2026

Respectfully submitted,

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (DC Bar No. 1016621)
Lynn D. Eisenberg (DC Bar No. 1017511)
Brian C. Rosen-Shaud (DC Bar No. 90042065)
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave N.W., Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com

Benjamin L. Berwick (D.D.C. Bar No. MA0004)
Protect Democracy Project
15 Main Street, Suite 312
Watertown, MA 02472
Tel.: (202) 579-4582
ben.berwick@protectdemocracy.org

Cerin Lindgrensavage (DC Bar No. 1741602)
Jacek Pruski (DC Bar No. 888325144)
Protect Democracy Project
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Tel.: (202) 579-4582
cerin.lindgrensavage@protectdemocracy.org
jacek.pruski@protectdemocracy.org

Toby Merrill (D.D.C. Bar ID MA0006)+
Joshua Karsh (DC Bar No. 90035665)+*
Sharanya (Sai) Mohan (CA Bar No. 350675)*
Graham Provost (DC Bar No. 1780222)+
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
toby.merrill@publicrightsproject.org
joshua.karsh@publicrightsproject.org
sai.mohan@publicrightsproject.org
graham.provost@publicrightsproject.org

*Counsel for Nashville, Harris County, City of Columbus, El Paso County, and Travis County*

Eliza Sweren-Becker*
Lauren Miller Karalunas*
Derek Tisler*
Brennan Center for Justice at NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
sweren-beckere@brennan.law.nyu.edu
millerl@brennan.law.nyu.edu
tislerd@brennan.law.nyu.edu

*Counsel for Harris County, City of Columbus, and Nashville*

The Metropolitan Government of Nashville and Davidson County

Tyler Chance Yarbro, #023553
Director of Law

John K. Whitaker, #039207*
Senior Counsel
Metropolitan Courthouse, Suite 108
Post Office Box 196300
Nashville, Tennessee 37219-6300

(615) 862-6341
john.whitaker@nashville.gov

*Counsel for Nashville*

Abbie Kamin
Harris County Attorney

Neal A. Sarkar (D.D.C. Bar ID TX0088)
First Assistant County Attorney
Daniel David Hu (TX Bar No. 10131415) #
Senior Counsel
Edward Swidriski (D.D.C. Bar ID TX0089)
Senior Assistant County Attorney
Office of the Harris County Attorney
1010 Lamar, 11th Floor
Houston, Texas 77002
(713) 274-5101
neal.sarkar@harriscountytx.gov
daniel.hu@harriscountytx.gov
edward.swidriski@harriscountytx.gov

*Counsel for Harris County*

Christina Sanchez #
El Paso County Attorney
TX Bar No. 24062984
Ch.sanchez@epcountytx.gov
Bernardo Rafael Cruz #
Assistant County Attorney
TX Bar No. 24109774
Office of the El Paso County Attorney
320 S. Campbell St., Suite 200
El Paso, TX 79901
Tel: 915-273-3247
b.cruz@epcountytx.gov

*Counsel for El Paso County*

DELIA GARZA
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile: (512) 854-4808
By: _/s/ Todd A. Clark*_

TODD A. CLARK
State Bar No. 04298850
todd.clark@traviscountytx.gov

*Counsel for Travis County*

JOHN CREUZOT
DALLAS COUNTY CRIMINAL
DISTRICT ATTORNEY
/s/ Barbara S. Nicholas#
Assistant District Attorney
Texas State Bar No. 24032785
barbara.nicholas@dallascounty.org
*/s/ Jason G. Schuette**
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallas.county.org
Civil Division
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, Texas 75202
Telephone: 214.653.7358
Telecopier: 214.653.6149

*Counsel for Dallas County*

* Admitted pro hac vice
\# Application for admission pro hac vice forthcoming
\+ Admitted in listed states but not licensed to practice law in California.